**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MARY KINGSTON, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | No.  14-CV-9628 |
| v. | ) ) | |
| CVS PHARMACY, INC., a Rhode Island corporation, | ) ) ) | Judge: |
| *Defendant*. | ) ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Mary Kingston ("Plaintiff") brings this class action complaint against Defendant CVS Pharmacy, Inc. ("CVS") to stop Defendant's unlawful business practice of placing unauthorized telephone calls to consumers using a prerecorded or artificial voice, and to obtain redress for all persons injured by its conduct.  For her class action complaint, Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.     In an effort to advance its prescription drug and retail business, CVS, a purveyor of pharmaceuticals and other products to consumers at thousands of retail locations in virtually every state, violated federal law by making unauthorized telephone calls using a prerecorded or artificial voice ("robocalls") to the telephones of individuals throughout the nation.

2.     By effectuating these unsolicited robocalls, Defendant has caused such call recipients statutory and actual harm, not only because the called parties were subjected to the

aggravation that necessarily accompanies unsolicited calls—particularly calls using a prerecorded or non-human artificial voice—but also because telephone subscribers, like Plaintiff, frequently have to pay their phone provider for the receipt of such calls, notwithstanding that they are made in violation of specific legislation on the subject.

3.      In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), which protects the privacy right of consumers to be free from being sent unsolicited telephone calls using a prerecorded or artificial voice.

4.      On behalf of the proposed Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized telephone calls using a prerecorded or artificial voice and an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

5.      This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

6.      Venue is proper in the Northern District of Illinois under 28 U.S.C. 1391(b) because Defendant transacts business in this District, and a substantial part of the events concerning the misdirected prerecorded calls at issue occurred in this District, including the fact that Defendant's unauthorized robocalls were received by Plaintiff's cellular telephone within this District.

## PARTIES

7.      Plaintiff is a resident of California.

2

8. Defendant is an operator of pharmacies nationwide. Defendant is a Rhode Island corporation with its principal place of business located in Rhode Island. Defendant is registered and conducts business in Illinois, including in this District, and conducts business elsewhere throughout the United States.

## COMMON ALLEGATIONS OF FACT

9. Defendant CVS is a provider of prescription drugs and health and home products from thousands of retail locations throughout the country. As an ordinary business practice, Defendant's prescription drug service invites consumers to enroll at CVS by providing certain identifying information about themselves, including a telephone number, in advance of CVS filling his or her prescription.

10. In an effort to increase the number of consumers who fill their prescriptions at CVS instead of at its many competitors, Defendant streamlines its enrollment process to avoid the procedures necessary to confirm that the telephone numbers Defendant receives from consumers actually belong to the consumers providing them, and further avoids the procedures necessary to ensure that the phone numbers provided still belong to the intended customers before placing automated robocalls to those numbers.

11. As a consequence, many of the telephone numbers Defendant receives in connection with its prescription drug business are either initially inaccurate, or become inaccurate over time, and result in Defendant routinely placing prerecorded or artificial voice telephone calls to individuals who never provided consent to be sent such calls from Defendant for such a purpose.

12. In addition to being an aggravating invasion of privacy and a violation of a federal statute, misdirected telephone calls that use a prerecorded or artificial voice can actually cost

their recipients money because called parties like Plaintiff, who receive robocalls on their

cellular phones, must frequently pay for the calls they receive or incur a usage allocation

deduction to their calling plans, regardless of whether or not the call was authorized.

13.     For instance, beginning on or about May 15, 2013, Defendant attempted to

contact someone named "Michelle."

14.     Instead of calling Michelle, however, Defendant and/or its telemarketing agents

called Plaintiff's cellular telephone and played substantially the following message:

> This is a courtesy call from CVS pharmacy for Michelle. We are calling to inform you
> that your prescription order is available for pickup at CVS pharmacy located 30842
> Pacific Coast Highway, Laguna Beach, California. You may pick up your prescription at
> your earliest convenience during normal business hours. We accept many insurance
> plans. No appointment is necessary. If you have already picked up your prescription,
> please disregard this message. Thank you for being a valued customer of CVS pharmacy.

15.     The above message was prerecorded, featuring a non-human "artificial" voice.

16.     Plaintiff is not "Michelle," nobody in Plaintiff's family is named Michelle, and

Plaintiff has never given anyone named Michelle permission to receive calls at Plaintiff's

cellular telephone number.

17.     Since making the above initial prerecorded call in 2013, Defendant has made

additional calls to Plaintiff's cellular phone featuring a prerecorded or artificial voice intended

for "Michelle."

18.     At no time did Plaintiff provide Defendant with consent to be sent any of the

above robocalls from Defendant.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action on behalf of herself and a class ("Class") defined as

follows: All persons in the United States and its territories who were sent one or more telephone

4

calls from Defendant featuring a prerecorded or artificial voice where the called party was not the same individual who, according to Defendant's records, provided the telephone number to Defendant.

20.    Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.  Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

21.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and would have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

22.    Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

23.    The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class.  Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

24.    Upon information and belief, there are thousands of members of the Class such that joinder of all members is impracticable.

5

25.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include, but are not limited to, the following:

(a)     Did Defendant place calls using a prerecorded or artificial voice to persons that did not previously provide Defendant with consent to place prerecorded or artificial voice calls to their respective telephone numbers?

(b)     Did the calls made by Defendant using a prerecorded or artificial voice violate the TCPA?

(c)     Should Defendant be enjoined from engaging in such conduct?

**COUNT I**
**(Telephone Consumer Protection Act (47 U.S.C. 227, et seq.) on behalf of the Class)**

26.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

27.     Defendant made unsolicited and unauthorized telephone calls using a prerecorded or artificial voice to the telephones of Plaintiff and the other members of the Class.

28.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

29.     As a result of Defendant's illegal conduct, the members of the Class have had their privacy rights violated, have suffered statutory and actual damages and, under 47 U.S.C. §227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1.      An order certifying the Class as defined above;

2.      An award of statutory damages;

3.      An injunction requiring Defendant to cease all unauthorized prerecorded or artificial voice telephone activities;

4.      An award of reasonable attorneys' fees and costs; and

5.      Such further and other relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: December 2, 2014

MARY KINGSTON, individually and on behalf of a class of similarly situated individuals

By: /s/ Evan Meyers
        One of Plaintiff's attorneys

Myles McGuire
Evan M. Meyers
MCGUIRE LAW, P.C.
161 N. Clark Street, 47th Floor
Chicago, Illinois 60601
Tel: (312) 216-5179
Fax: (312) 275-7895
mmcguire@mcgpc.com
emeyers@mcgpc.com